UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY MIKKEL RICE,

        Petitioner,

v.

MATT MACAULEY,

        Respondent,
_____/

Case No. 2:19-CV-11184
Honorable Linda V. Parker

## OPINION AND ORDER (1) GRANTING MOTION TO STAY PROCEEDINGS AND HOLD PETITION IN ABEYANCE, (ECF NO. 16); (2) ADMINISTRATIVELY CLOSING CASE; AND (3) DENYING AS MOOT PETITIONER'S REMAINING MOTIONS, (ECF NOS. 3, 4, 12, 13)

Petitioner Gregory Mikkel Rice filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction for first-degree premeditated murder and possession of a firearm during the commission of a felony. Petitioner has now filed a motion to hold the petition in abeyance. (ECF No. 16.) Petitioner argues that he now has a sworn affidavit from a juror whom the judge referred to as a "troublemaker." (ECF No. 16 at Pg. ID 2672.) Petitioner states that this affidavit provides factual support for judicial misconduct, actual innocence, and ineffective assistance of appellate counsel claims. (*Id.*) Petitioner wishes to present this newly discovered evidence to the state courts in order to properly exhaust his claims.

1

A state prisoner who seeks federal habeas relief must first exhaust his or her available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b), (c); *see also See Picard v. Connor*, 404 U. S. 270, 275-78 (1971). Federal district courts must dismiss habeas petitions which contain unexhausted claims. *See Pliler v. Ford*, 542 U.S. 225, 230 (2004) (citing *Rose v. Lundy,* 455 U.S. 509, 510, 522 (1982)). Exhausting state court remedies in this case requires the filing of a post-conviction motion for relief from judgment under M.C.R. 6.500. *See Wagner v. Smith*, 581 F.3d 410, 419 (6th Cir. 2009). Petitioner could exhaust his claims by filing a motion for relief from judgment with the Wayne County Circuit Court under M.C.R. 6.502. The denial of a motion for relief from judgment can be appealed to the Michigan Court of Appeals and the Michigan Supreme Court. M.C.R. 6.509; M.C.R. 7.203; M.C.R. 7.302; *see also Nasr v. Stegall*, 978 F. Supp. 714, 717 (E.D. Mich. 1997).

The outright dismissal of the petition, even without prejudice, might result in Petitioner being foreclosed from presenting his claims in federal court due to the expiration of the one-year statute of limitations contained in the Antiterrorism and Effective Death Penalty Act ("AEDPA"). *See* 28 U.S.C. § 2244(d)(1). A common circumstance that calls for the abatement of a habeas petition arises when an original petition was timely filed, but a second, exhausted habeas petition would be time barred. *See Hargrove v. Brigano*, 300 F. 3d 717, 720-21 (6th Cir. 2002).

A habeas petitioner who is concerned about the possible effect of the AEDPA's statute of limitations can file a "protective" petition in federal court and ask for the petition to be held in abeyance pending the exhaustion of state post-conviction remedies. *See Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005) (citing *Rhines v. Weber*, 544 U.S. 269 (2005)). A federal court may stay a federal habeas petition and hold the petition in abeyance pending resolution of state court post-conviction proceedings, if there is good cause for failure to exhaust and the unexhausted claims are not "plainly meritless." *Rhines,* 544 U.S. at 278.

Petitioner's claims do not appear to be "plainly meritless." Further, as in *Wagner*, Petitioner asserts that he did not previously present evidence in support of his underlying judicial misconduct and actual innocence claims in the state courts due to the ineffective assistance of appellate counsel. 581 F.3d at 419, nn.4 & 5; (*see also* ECF No. 1 at Pg. ID 12). Petitioner has thus shown good cause for failing to properly raise these claims sooner. *See e.g. Cunningham v. Hudson*, 756 F.3d 477, 486 (6th Cir. 2014).

When a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines,* 544 U.S. at 278. To ensure that Petitioner does not delay in exhausting his state court remedies, the Court imposes upon Petitioner time limits within which he must proceed. *See Palmer v. Carlton*,

276 F.3d 777, 781 (6th Cir. 2002). "If the conditions of the stay are not met, the stay may later be vacated *nunc pro tunc* as of the date the stay was entered, and the petition may be dismissed." *Id*. (internal quotation marks omitted).

Accordingly,

**IT IS ORDERED** that Petitioner's Motion to Stay Proceedings and Hold Petition in Abeyance, (ECF No. 16), is **GRANTED**.

**IT IS FURTHER ORDERED** that Petitioner shall file a motion for relief from judgment with the state court within **ninety (90) days** of receipt of this Court's order and notify this Court in writing that such motion papers have been filed. Petitioner's failure to file a motion or notify this Court of its filing within that time-frame will result in this Court lifting the stay reinstating the original habeas petition to its active docket, and adjudicating the petition on the claims raised therein.

**IT IS FURTHER ORDERED** that, if Petitioner is unsuccessful in state court and wishes to continue pursuing this federal habeas action, he must return to this Court **within ninety (90) days** of exhausting his state court remedies and file **in this case** (i.e., with the above case caption and case number) a motion to lift the stay **and** a habeas petition containing all exhausted claims.

**IT IS FURTHER ORDERED** that Petitioner's Motion to Appoint Counsel for Habeas Corpus, (ECF No. 3), Motion for Immediate Release from Custody on Bond, (ECF No. 4), Motion for Enlargement of Time to File Reply to Response To

4

Habeas Petition, (ECF No. 12), and Motion for Appointment of Counsel, (ECF No. 13), are **DENIED** as moot.

**IT IS FURTHER ORDERED** that, to avoid administrative difficulties, the Clerk of Court shall **CLOSE** this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: February 10, 2020

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, February 10, 2020, by electronic and/or U.S. First Class mail.

s/ R. Loury
Case Manager
