UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY MIKKEL RICE,

        Petitioner,

v.

MATT MACAULEY,

        Respondent,
_____/

Case No. 2:19-CV-11184
Honorable Linda V. Parker

**<u>OPINION AND ORDER: (1) GRANTING MOTION TO LIFT THE STAY [ECF NO 23]; (2) GRANTING THE MOTION TO AMEND THE PETITION FOR WRIT OF HABEAS CORPUS [ECF NO. 23];  (3) GRANTING THE MOTION TO EXTEND THE STAY [ECF NO. 23] AND HOLDING IN ABEYANCE THE PETITION FOR WRIT OF HABEAS CORPUS, AND (4) ADMINISTRATIVELY CLOSING THE CASE</u>**

    Gregory Mikkel Rice, ("Petitioner), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, which was held in abeyance to permit Petitioner to return to the state courts to exhaust additional claims.  (ECF No. 16.)  Petitioner was ordered to re-file his habeas petition within 90 days after the conclusion of the state court post-conviction proceedings.  (ECF No. 19 at Pg ID 2768.)  Petitioner filed a motion to lift the stay, a motion to amend the petition for writ of habeas corpus, and a motion for an extension of the stay.  (ECF No. 23.)  For the reasons that follow, the Court is granting the motions.

## I.   Background

Petitioner in his motion to lift the stay indicates that his case in state court is in an unusual procedural posture. Petitioner claims that the state trial judge adjudicated only the judicial misconduct claim that petitioner raised in his post-conviction motion for relief from judgment, but held off on adjudicating petitioner's remaining claims, which petitioner alleges are still pending before the trial judge. Petitioner appealed the judge's decision on the judicial misconduct claim to the Michigan appellate courts but was denied relief. Petitioner's motion for reconsideration[1] is pending before the Michigan Supreme Court.

Petitioner filed the current motion to lift the stay so he could file an amended petition which included the now exhausted judicial misconduct claim, which he divided into subclaims. Petitioner, however, also asks for an extension of the stay while he seeks post-conviction relief on his remaining claims, which have yet to be adjudicated in state court.

## II.   Applicable Law and Analysis

**A. Motion to Lift the Stay**

A federal district court has the discretion to reinstate a habeas corpus petition following the exhaustion of state court remedies. *See Rhines v. Weber*, 544 U.S. 269, 275-76 (2005). Petitioner alleges that his judicial misconduct claims

---

[1] Petitioner filed this motion on this Court's docket at ECF No. 22.

have been exhausted with the state courts. The Court orders that the original habeas petition be reopened so that the Court can rule on Petitioner's motion to amend the petition.

**B.   Motion to Amend Habeas Petition**

The decision to grant or deny a motion to amend a habeas petition is within the discretion of the district court. *Clemmons v. Delo*, 177 F.3d 680, 686 (8th Cir. 1999) (citing Fed. R .Civ. P. 15). Because Petitioner's proposed amended habeas petition, ECF No. 23, advances new claims that may have arguable merit, the Court is granting Petitioner's motion to amend. *See, e.g., Braden v. United States*, 817 F.3d 926, 930 (6th Cir. 2016).

**C.   Motion for Extension of Stay**

A federal district court has the power to extend the stay of a habeas petition, particularly where the respondent does not oppose the extension of the stay. *See, e.g., Roberts v. Norris,* 415 F.3d 816, 819 (8th Cir. 2005). Petitioner's remaining claims are unexhausted because they remain pending before the state trial judge. The general rule is that a habeas petition should be denied on exhaustion grounds where the petitioner's state post-conviction motion remains pending in the state courts, as is now the case here. *See, e.g., Juliano v. Cardwell*, 432 F.2d 1051, 1051 (6th Cir. 1970). However, the Court grants Petitioner's motion for an extension of the stay due to the unusual procedural posture of this case.

This Court also notes that should the Wayne County Circuit Court judge deny Petitioner's remaining post-conviction claims, denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. M.C.R. 6.509; M.C.R. 7.203; M.C.R. 7.302.  *See Wagner v. Smith,* 581 F.3d 410, 414 (6th Cir. 2009).  Importantly, a federal court cannot consider granting habeas relief "if there still is a potential state remedy for the state courts to consider." *Id.* at 415.  Petitioner should be given an opportunity to exhaust these remaining claims.

### III.  Conclusion

Accordingly

**IT IS ORDERED** that the motion to lift the stay (ECF No. 23) is **GRANTED**.

**IT IS FURTHER ORDERED** that the motion to amend the petition (ECF No. 23) is **GRANTED.**

**IT IS FURTHER ORDERED** that the motion to extend the stay (ECF No. 23) is **GRANTED**.  The petition is held in abeyance while Petitioner's post-conviction motion remains pending in the state courts.  Should Petitioner not obtain relief in the state courts, Petitioner shall return to federal court within **ninety (90)** days of completing the exhaustion of state court post-conviction remedies,

using the same caption and case number.  Petitioner is free at that time to file an amended petition containing any remaining newly exhausted claims.

**IT IS FURTHER ORDERED** that to avoid administrative difficulties, the Clerk of Court shall **CLOSE** this case for statistical purposes only.  Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter.  *See Thomas v. Stoddard,* 89 F. Supp. 3d 937, 943-44 (E.D. Mich. 2015).

**SO ORDERED.**

s/ Linda V. Parker<br>
LINDA V. PARKER<br>
U.S. DISTRICT JUDGE

Dated: May 4, 2023

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, May 4, 2023, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan<br>
Case Manager